**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**
Civil Action No. _____

X

8:20-cv- 3071- T- 35AEP

**ROBERT LEONARD,**

**CLASS ACTION COMPLAINT**

Plaintiff,

**DEMAND FOR JURY TRIAL**

vs.

**ROBINHOOD MARKETS, INC.,**
**ROBINHOOD FINANCIAL LLC, and**
**ROBINHOOD SECURITIES, LLC,**

Defendants.

X

COME NOW Plaintiff, ROBERT LEONARD, pro se, and hereby sues Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC, (collectively "Robinhood") for fifteen thousand five hundred fourty-four and 96/100 dollars ($15,544.96 U.S currency) and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**I. PARTIES**

1.      Plaintiff Robert Leonard is an adult citizen of Florida and resides in Polk County, Florida.

2.      At all times material hereto, Plaintiff Robert Leonard acquired the Robinhood mobile phone application and utilized the same to acquire, trade and hold securities in Florida.

1

N/P

3.     Defendant Robinhood Markets, Inc. is a financial service holding company incorporated in Delaware, whose subsidiaries provide financial and investment services via an internet/cloud-based platform that is also available on mobile phones. Its subsidiary, Defendant Robinhood Financial LLC, is a full-service securities firm engaged in the retail sale of securities and various other financial products. Its subsidiary, Defendant Robinhood Securities, LLC, is a full-service securities firm engaged in the retail sale of securities and various other financial products. Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Defendant Robinhood Securities, LLC, provide internet and mobile phone-based securities sales and services to approximately 10 million customers and/or users.

4.     On Monday August 31,2020, Plaintiff entered into a written contract with Defendants using the Robinhood app platform. Under this agreement Defendant agreed that they would use any funds supplied by Plaintiff to buy and sell securities at Plaintiff's direction.

5.     Defendants breached the agreement in 4 above as stated below.

6.     On Friday September 4,2020, Plaintiff initiated three separate deposits to his Robinhood account through the Robinhood app. The first and third deposits both completed on Friday September 11,2020, but the second deposit was reversed on September 10,2020 and any instant deposits given were removed from the account. A fourth deposit, initiated September 8,2020 was also reversed on September 11,2020 and any instant deposit given were removed from the account. The two reversed deposits are relevant to this suit.

7.     As agreed, Plaintiff was given instant access to all four deposits initiated on September 4,2020 and September 8,2020 and was able to immediately trade using those funds.

8.     On September 4,2020, at 1:18 p.m., Plaintiff used a portion of the instant deposit funds to purchase a option of 15 contracts of Livongo $135 Call 9/18 at $300 per contract. That

option was sold the same day at 3:33 p.m. at $350 per contract for a profit of $750.

9.     On September 4,2020, at 3:41 p.m., Plaintiff purchased a option of 50 contracts of Gan $20 Call 9/18 at $90 per contract. That option was sold on September 8,2020 at 12:54 p.m. at $100 per contract for a profit of $500.

10.    On September 8,2020, at 1:25 p.m., Plaintiff purchased a option of 25 contracts of Cloudflare $33 Call 9/18 at $205 per contract and 2 more contracts of the same for $175 a contract at 2:41 p.m. Those 27 contracts were sold on September 9,2020 at 11:05 p.m. at $225 per contract for a profit of $600

11.    On September 8,2020, at 1:38 p.m., Plaintiff purchased a option of 12 contracts of Lending Club $5 Call 9/18 at $50 per contract. That option was sold on September 15,2020 at 10:30 a.m. at $15 per contract for a loss of  $420.

12.    On September 9,2020, at 12:44 p.m., Plaintiff purchased a option of 60 contracts of Lending Club $4 Call 9/18 at $95 per contract. That option was sold on September 9,2020 at 3:53 p.m. at $100 per contract for a profit of $300

13.    On Saturday October 3,2020, Plaintiff received a email from Laurel, at Robinhood support. Plaintiff was notified that Plaintiff's account had been restricted due to ACH reversed deposits, and that "To lift the restriction, you need to make a new deposit of $4,775.22 within six business days".

14.    On Monday October 12,2020, (six business days after the Saturday October 3,2020 email) after receiving a email stating "If you have not satisfied the deposit requirement within 3 business days, we will proceed with unwinding the trades and further action may be taken on your account without notice to you, up to and including termination. On the same date at 2:47 p.m., Plaintiff initiated a transfer of $4800.00 from his Chase Bank checking account ending in 7511 to his Robinhood account via the Robinhood app. The transfer cleared Plaintiff's bank on October

2

14,2020 and the Robinhood app showed the deposit as completed on September 19,2020, and Plaintiff received a email on October 19,2020 stating the funds were available for trading. Plaintiff cash account was at $6579.96. At that time Plaintiff had profited $1,729.96 using the Robinhood app.

15.     On Monday October 19,2020, Plaintiff unsuccessfully attempted to initiate a new trade using the $6,579.96 in his Robinhood account. Plaintiff was informed that his account was restricted from purchases or withdrawals. Because Defendants have no other means of addressing disputes or other Robinhood issues, Plaintiff wrote numerous emails daily to Robinhood support complaining about the restrictions on his account, but other than the initial email acknowledging Robinhood had received Plaintiff's emails, Defendants ignored the issues complained of.

16.     On Saturday October 3,2020, at 9:57 a.m., two weeks after Plaintiff first notified Defendants of the restriction, Laurel at Robinhood support sent Plaintiff a email Stating "Your Robinhood account has been restricted due to reversed ACH deposits," and again said that "To lift the restriction, you need to make a new deposit of $4,775.22 within six business days". Plaintiff's emails complaining that he had successfully completed the requested deposit two weeks prior were again ignored.

17.     On Friday November 6,2020, at 11:34 a.m., plaintiff complained of trade opportunities he had missed over the last due to Robinhood breach of their agreement, and explained that from then on he would email his attempts as evidence of lost resulting from Robinhood's breach of duty.

18.     On November 6,2020, at 5:09 p.m., Robinhood support asked Plaintiff to use the Robinhood app to take "an image of your current U.S. state-issued Driver License or U.S. Passport". At the same time Robinhood support sent a second email Requesting that Plaintiff use the attached link to "submit a photo of your valid, signed SSN card." Plaintiff was sent two

2

additional emails requesting the same.

19.    Plaintiff complied with each request and in the end used the app to take a pictures of the front and back of his driver license and SSN card, and also using the email link to take a pictures of the front and back of driver license and his SSN card.

20.    On Monday November 9,2020 at 9:45 a.m., Plaintiff's Robinhood account was still restricted from all purchases and withdrawals. On this date Plaintiff wrote Robinhood support in an attempt to use the available cash balance of his Robinhood account to purchase a option of 3 contracts of Zoom $420 Call 11/13 while it was still at $1845 per contract. The option rose to where Plaintiff would have sold it the same day for $2033 per contract. Having missed the opportunity to make the $564 in profits, Plaintiff notified Robinhood that he would continue trading with the money Robinhood has accepted for that purpose, and as long as Robinhood refused to release the money back to Plaintiff they would be liable for all lost profits demonstrated by Plaintiff email attempts to trade.

21.    On November 9,2020, at 10:53 p.m., Plaintiff attempted to use the $6579.96 cash balance on his Robinhood account to purchase four option contracts of Zoom $420 Call 11/13 while it was trading at $1450 a contract. At 11:28 Plaintiff wrote Robinhood Support showing that he would have sold the options for $2470 a contract for a profit of $4080. Although Plaintiff would have clearly sold at that point, that option continued to rise tapping out at $3105 a contract at 11:59 p.m. that day. Plaintiff's total profits would have now been $5,809.96.

22.    On November 9,2020, at 11:59 a.m., David at Robinhood support again requested that Plaintiff take photos of his IDs through the email linked portal. At 1:09 p.m., Plaintiff complied again.

23.    On November 9,2020, at 12:28 p.m., Plaintiff wrote Robinhood support in an attempt to buy five contracts of Wayfair $250 Call 11/20 while it was still at $1245 a contract with

$6579.96 cash balance he had. On November 12,2020, at 9:59 a.m., plaintiff wrote Robinhood to show that he would have sold the 5 contracts of Wayfair for $1500 a contract for a profit of $1275. Plaintiff's total profits would have now been $$7084.96.

24.     On November 10,2020, Defendant removed all fund profited from previous trades without any notice or reason given.

25.     On November 10,2020 Plaintiff made three unsuccessful attempts to withdraw the remaining cash funds from his account. Withdrawals and purchases were still disabled/restricted by Robinhood.

26.     On November 10,2020, at 5:40 p.m., Ellie at Robinhood support emailed plaintiff to let him know that Robinhood was closing Plaintiff's account. Plaintiff was given 30 days to settle any account balance. Withdrawal were not re-enabled. At 5:49 p.m. the same date, plaintiff wrote Robinhood support informing them that although Robinhood had decided to close plaintiff's account with them, the withdrawal restriction had not been lifted. Plaintiff was told he would get a update in 7-10 trading days. Plaintiff informed Defendant that they would honor their trade agreement with Plaintiff and that Plaintiff would continue with his trades as before up until Robinhood agrees to remove the withdrawal restriction allowing Plaintiff to transfer his funds/security back to Plaintiff's bank account.

27.     On November 12,2020, at 1:17 p.m. Plaintiff wrote Robinhood support attempting to buy 18 contracts of Square $177.5 Call 11/20 while it was at $630 a contract. Having demonstrated his losses without any relief from Defendants, Plaintiff decided to buy contracts with money he had shown he would have had, had it not been for Defendant's breach of contract. On November 18, 2020 at 9:32 a.m. Plaintiff wrote Robinhood to show that the contract was currently selling at $1105 per contract and that he would have sold that option for $1100 per contract for a profit of $8460. Plaintiff's total profits would have now been $15,544.96.

31.    Venue is appropriate as: Robinhood Securities, LLC, has a headquarters in this district; Defendants conduct business in this district; a substantial part of the events and omissions that give rise to the claims alleged herein occurred in this district; and brokerage records related to sale of securities and its books and records are maintained and administered in this district.

### III. FACTUAL ALLEGATIONS

**A.    Robinhood Breached It's Agreement To Provide Securities Brokerage Services To Plaintiff After Robinhood Obtained Cash Security Funds Solely For That Purpose**

32.    Robinhood provides "commission-free" trades in stocks, funds and options using an internet/cloud-based platform for individual customers and/or users.

33.    It offers these services to its customers and/or users through its mobile phone-based application as an alternative to the traditional financial services provided in person, over the telephone or on the internet.

34.    On August 31,2020, Plaintiff and Robinhood entered into a agreement where Robinhood through its internet/cloud-based platform agreed to provide "commission-free" trades in stocks, funds and options.

35.    Beginning on September 19,2020, or sometime thereabout, Robinhood breached this agreement by seizing funds/securities transferred from Plaintiff's bank to Robinhood and refusing to provide the agreed upon services and refusing to return the seized funds/securities.

36.    As of this date, Robinhood has not provided the agreed upon services and has disabled withdrawal on Plaintiff's account, preventing Plaintiff from transferring funds back to his Chase bank account.

37.    Plaintiff has not been able to engage in any trading activity, or to access his funds kept on the platform, for the several weeks since the money admittedly cleared Defendant's bank.

### IV.  CAUSES OF ACTION

## COUNT I
## BREACH OF CONTRACT

38.    Plaintiff adopt and incorporate paragraphs 1 through 37 in full.

**39.**    Defendants forced Plaintiff to consent to the Robinhood Financial LLC & Robinhood Securities, LLC Customer Agreement in order to gain access to the Defendants' trading platform.

40.    Defendants breached their contractual duties to Plaintiff by restricting Plaintiff's use of their platform to access Plaintiff's personal funds, securities and/or other property, as agreed.

41.    Defendants' breach also prevented Plaintiff from executing market securities transactions between September 19,2020 (the date in which Plaintiff's funds/securities cleared Defendant's bank) and November 13,2020. This breach currently caused Plaintiff to lose $15,544.96 in profits.

42.    Plaintiff has been damaged due to Defendants breach of contract.

43.    Plaintiff requests relief as hereinafter described.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

44.    Plaintiff adopt and incorporate paragraphs 1 through 37 in full.

45.    Defendants breached their implied warranty of merchantability by failing to provide a trading platform that is acceptable and reasonably fit for the ordinary purposes for which it was being contracted, in this case, for including but not limited to: the purchase and sale of securities, transferring funds into Robinhood or transferring funds out of Robinhood, as agreed.

46.    Defendants are merchants with respect to the kind of goods at issue, as Defendants are broker-dealers engaging in the securities markets.

47.    Plaintiff has been damaged due to Defendants breach of implied warranty of merchantability.

6

48.     Plaintiff requests relief as hereinafter described.

## COUNT III
### NEGLIGENCE

49.     Plaintiff and class members adopt and incorporate paragraphs 1 through 37 in full.

28.     Thus, due to Defendants having breached their agreement Plaintiff weren't able to access his cash, securities and/or other property kept on the Robinhood platform, let alone use Robinhood's services to buy, sell or trade securities as agreed. This resulted in Plaintiff at that time having lost $15,544.96.

29.     On November 13,2020 Plaintiff served Defendants with a copy of his Notice Of Intent To File Lawsuit and attached a copy of this suit. Defendant acknowledged receipt of the of the documents and at the same time removed the withdrawal freeze on the $4,850.82 cash that was original froze, and informed Plaintiff that the documents would be forwarded to their legal department and that it could take two – three weeks to here from them in reference to the suit.

## II. JURISDICTION AND VENUE

30.     This is a putative class action in which, the Plaintiff and Defendant have different citizenship and the claims exceed $10,000.00.

50.     Defendants further breached their duty by failing to provide adequate support to the trading platform to ensure that Plaintiff's trading with funds or securities supplied by Plaintiff could continue uninterrupted during instances where a bank reversal triggers an ACH compliance.

51.     Plaintiff has been damaged due to Defendants' negligence.

52.     Defendants' negligence was the direct and proximate cause of the damages suffered by Plaintiff and the other class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court find in his favor and against Defendants as follows:

a.     Order appropriate equitable relief to remedy the inappropriate conduct;

b.     Award Plaintiff the full value of all damages sustained now or in the futures as a result of Defendants' conduct;

c.     Award Plaintiff all damages, and interest recoverable under applicable laws;

d.     Award Plaintiff punitive damages, compensatory and other damages;

e.     Award Plaintiff any and all other relief as this Court deems just and proper; and

f.     That this matter be tried by a jury.

Dated:  November 12, 2020                 Respectfully submitted,

By: /s/ _Robert Leonard_
Robert Leonard
900 OAKLAWN DR.
BARTOW, FLORIDA 33830
PH (484)496-6376
leonardrobert4444@gmail.com

9